ALLEN, Acting Chief Judge.
Appellant-defendant has appealed the judgment and sentence imposed on him in the Criminal Court of Record of Polk County. He had been charged by information with one count of “Embezzlement” and four (4) counts of “Furnishing False Statements.” Trial was had and a jury returned a verdict of guilty to all five (5) counts.
The first count of the Information, in essence, charged that appellant did with intent to defraud, and without the consent of the owners, Mr. and Mrs. Renfro, use the proceeds of payments made to him on account of improving certain described real property (the lot upon which a new home was to be built) for purposes other than to pay for labor or services performed on or materials furnished for the improvement of said real property while amounts were due or to become due for labor, services, or materials furnished for the improvement of said property and unpaid said funds having been entrusted and deposited with the appellant and the corporation by the Renfroes for labor, services or materials to be furnished on the aforesaid premises owned by the Renfroes.
Count Two of the Information, briefly stated, charges that appellant did unlawfully make and furnish to Lakeland Federal Sav--irigs & Loan Association an affidavit containing false statements in connection with the improvement of certain described real property (the lot in question) knowing that Lakeland Federal Savings & Loan Association, relying on the truth of such statements and as an inducement to do so, did part with something of value, to-wit: $1,541.25.
With exception to the amounts involved, Counts Three, Four and Five are substantially the same as Count Two.
Below are the salient facts upon which the above charges are based.
George Hutson, the defendant and appellant in this case, was a building contractor. His contracting business was set up in corporate form under the firm name of “Hutson-Higgins, Inc.” hereinafter referred to as the corporation. The appellant was president of the corporation and had in his employ two men who worked as salesmen. These two men also acted as overseers, handled any problems which might arise with the buyer and watched the subcontractors to make sure the work was done correctly. Their names were Dan Clements and Jack Wright.
Sometime prior to April, 1965, the Ren-froes contacted Clements and Wright, who carried them to see a new home which appellant had just started. The. Renfroes liked the house, but did not care for the location. Subsequently, a lot satisfactory to the Renfroes was located and negotiations between the parties were entered into. The end result of these negotiations was an agreement whereby the lot was to be- purchased and a new house constructed thereon. How the lot was to be purchased and who was to pay for it are questions not clearly answered by the record.
Mr. Renfro testified that the contract price for the house was $13,500.00, including the lot, but the appellant testified that it was $16,500.00. The record contains a purchase and sales contract for $16,500.00, which had been signed by Mr. Renfro. Of the $16,500.00, $12,000.00 was to be obtained *359 from a mortgage loan from Lakeland Federal Savings & Loan Ass’n. Renfro was to make up the difference by trading in his old home and paying the deficit in cash. Actually, only a $10,800.00 mortgage loan could be obtained.
Appellant was authorized to draw upon the $10,800.00 mortgage loan for the construction of the Renfro home. He made four draws on the loan, totaling $7,192.50, but the allegations in the Information indicate that not all of this money was spent for constructing the house. The parties stipulated that $7,192.50 was the total amount of monies received by appellant from Lakeland Federal when he signed certain affidavits.
The lot in question had certain encumbrances against it which had to be satisfied before beginning construction of the house. The satisfaction of these encumbrances took place prior to the receipt of any proceeds from the mortgage loan. Thus, any money obtained from the loan could not be used to replace money spent satisfying the encumbrances without violating Fla.Stat. § 84.341, F.S.A. This, in essence, is what appellant did.
As mentioned above, appellant made four draws on the loan and each time signed an affidavit saying that he had “personally paid and discharged persons furnishing all material and labor in the construction work done on” the Renfro property. The execution of the affidavits serves as a basis of Counts 2 through 5 of the Information and constitutes violation of Fla.Stat. § 84.-351, F.S.A.
A careful examination of the record on appeal has failed to reveal any reversible' error. We have considered the points raised by appellant and find them to be without merit.
The judgment and sentence of the lower court is, therefore, affirmed.
Affirmed.
PIERCE and HOBSON, JJ., concur.